## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

B. FERNANDEZ & HNOS., INC.,

     Plaintiff,

        v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, ET AL.,

     Defendants.

**Civil No. 11-1567 (SEC)**

### OPINION AND ORDER

Before the Court are co-defendant International Brotherhood of Teamsters' ("IBT") motion to for protective order (Docket # 76), and the plaintiff's opposition thereto (Docket # 77). After reviewing the filings and the applicable law, IBT's motion is **GRANTED**.

On September 21, 2012, IBT moved to seek a protective order from this court to prevent the plaintiff from deposing James P. Hoffa, IBT's president. The deposition, which was notified on September 5, 2012, is scheduled for today at 1:00pm. IBT submits, among other grounds that because Hoffa lacks knowledge of the discovery sought, and because the plaintiff has failed to exhaust other less intrusive discovery methods, such as depositions of lower-ranked IBT corporate officers, the protective order should be granted.

At the outset, the Court does not appreciate IBT's waiting until last Friday—16 days after receiving the Notice of Deposition—to file the instant motion. While the motion is technically timely, as it was filed before the day of the deposition, see 6-26 Moore's Federal Practice - Civil § 26.102 [2], the Court has had less than 24 hours to review the plaintiff's response, which was filed yesterday. IBT is thus **admonished** that this court will not tolerate this sort of gamesmanship next time around.

A court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c)(1). As relevant here, a party seeking to quash a deposition in its entirety must show "extraordinary" or "exceptional" circumstances. E.g., Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (prohibiting taking of deposition is extraordinary measure for which moving party has burden of showing extraordinary circumstances based on specific facts that would justify such an order). If, however, "[a] deponent is a high-level corporate officer who certifies that he has no personal knowledge of the facts, the court may grant a protective order requiring the deposing party to first seek discovery through less intrusive methods, e.g., from lower level employees who are more likely to have direct knowledge." 6-26 Moore's Federal Practice - Civil § 26.105 [2] [a] (citing, inter alia, Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (upholding issuance of protective order requiring plaintiff to depose other employees that defendant indicated had more knowledge of facts before deposing corporate defendant's president); Mulvey v. Chrysler Corp., 106 F.R.D. 364, 366 (D.R.I. 1985) (when then-Chrysler president Lee Iacocca signed affidavit professing ignorance to information sought by plaintiffs, court required discovery to proceed against Iacocca initially by interrogatory)).

If the movant meets its burden, the court may issue an appropriate protective order, including an order "forbidding the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1)(A).

Viewing IBT's request under the totality of circumstances, see Patterson v. Avery Dennison Corp., 281 F.3d 676, 681-682 (7th Cir. 2002), a protective order precluding the deposition of Hoffa, who has filed an affidavit attesting to his lack of knowledge regarding the discovery sought by the plaintiff, is warranted. See Thomas v. International Bus. Machs., 48 F.3d 478, 483 (10th Cir. 1995) (deposition of corporate officer in age discrimination action was quashed when proposed deponent submitted an affidavit swearing that he lacked personal knowledge of plaintiff and her work performance). The plaintiff's opposition contains no

**CIVIL NO. 11-1567 (SEC)** **Page 3**

explanation as to whether it first attempted to obtain the desired information through less burdensome means. The plaintiff has likewise failed to convince this court that Hoffa's deposition would yield otherwise inaccessible information. For instance, the plaintiff does not explain why Hoffa's deposition is necessary in lieu of deposing a lower-level IBT executive. See General Star Indem. Co. v. Platinum Indem. Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002) (courts will often deny request to depose high-ranking corporate official when lower-ranking executives have access to same information).

Moreover, the plaintiff's Notice of Deposition (Docket # 77-2, p. 6) is exceedingly broad and hence unreasonable, as it fails to pinpoint the specific testimony sought to be elicited from Hoffa. In sum, Hoffa, in his position as the President of the IBT, "[i]s particularly vulnerable to unwarranted harassment and abuse that [his] deposition may produce, and he has a right to be protected from such harassment." Berning v. UAW Local 2209, 242 F.R.D. 510, 514 (N.D.Ind. 2007) (citations omitted). To be sure, this ruling does not constitute a total prohibition from taking Hoffa's deposition. Rather, if the plaintiff can convincingly show that the testimony of other IBT employees or that propounding interrogatories to Hoffa were unsatisfactory, the Court will allow the taking of Hoffa's deposition. Salter, 593 F.2d at 651.

For the reasons stated, IBT's motion for protective order is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September, 2012.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge